IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHERINE-JUNE LANCASTER, ) <br> [be]neficial owner and Power-Of-Attorney- ) <br> [In]-Fact of: CATHERINE LANCASTER© ) <br> et al. and PAUL LANCASTER© et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN EQUITY MORTGAGE, INC., ) <br> et al., ) <br> ) <br> Defendants. ) | Case No. CIV-23-980-SLP |

**O R D E R**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against twenty-plus Defendants, named and unnamed. The Court has reviewed the Complaint to determine whether the exercise of subject matter jurisdiction is proper. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("[A] court may sua sponte raise the question of whether there is subject matter jurisdiction at any stage in the litigation." (internal quotation marks omitted)). Additionally, the Court has considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds the Complaint is subject to dismissal for lack of subject matter jurisdiction or, alternatively for failure to comply with Rule 8(a).

**I.      Subject Matter Jurisdiction**

The Complaint's jurisdictional allegations are wholly deficient. The Complaint alleges as follows:

> **III. JURISDICTION AND VENUE**:
>
> This Court has Civil Jurisdiction over the Wrongdoers. [Cf. FRCP 8(a)(C)(16). General Rules of Pleading; [Cf. 2022 Okla. Stat. tit. 12. Civil Procedure § 12-2008.]. ([De]fendant(s). i come [in]to the proper Equitable Article III Court so PUBLIC LAW can be [en]forced by: [Cf. HJR 192; P.L. 73-10 Chap. 48, 48-112]. as Principal holder and holder in due course, i am authorized to present for the CATHERINE JUNE POWERS E&T. (Exhibit 1).

Compl. at 5.[1] As a pro se litigant, Plaintiff is entitled to a liberal construction of the allegations of her Complaint.[2] However, even applying such a liberal construction, Plaintiff fails to demonstrate either that diversity of citizenship exists between the parties, *see* 28 U.S.C. § 1332, or that any federal question is at issue. *See* 28 U.S.C. § 1331.[3] Accordingly, dismissal is proper on grounds of lack of federal subject matter jurisdiction.

---

[1] Citations to the Complaint are to its ECF designation and pagination. Quotations are verbatim unless otherwise indicated.

[2] Where the Court reviews the sufficiency of the allegations of a pro se complaint, the Court applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*. (internal quotation marks omitted).

[3] Although Plaintiff intermittently includes citations to federal case law and/or citations to federal statutes in her 21-page Complaint, the Court is unable to identify any federal claim for relief. Mostly, Plaintiff merely recites statutes, or sets forth legal conclusions. *See, e.g.*, Compl. at 15, ¶ 53 (listing citations to the Truth in Lending Act, the Fair Credit Reporting Act, the Equal Credit Opportunity Act and the Fair Debt Collection Practice Act); *see also id*., at ¶¶ 54-59 (listing additional federal statutory provisions). The majority of the statutory citations included in the

## II. Dismissal For Failure to Comply with Rule 8(a) of the Federal Rules of Civil Procedure

Plaintiff's Complaint, which totals 218 pages with attachments, appears to possibly relate to a foreclosure action brought in Oklahoma state court. It further appears that the property is located in Oklahoma County, Oklahoma and that Plaintiff may claim the property subject to foreclosure is held in a trust. But beyond these most basic facts, it is difficult to discern the basis for Plaintiff's claims for relief notwithstanding Plaintiff's lengthy recitations and numerous attachments.[4]

---

Complaint reference Oklahoma law. Also, although Plaintiff names the "United States of America ex rel Department of Housing and Urban Development" as a Defendant, the Court can discern no claims against this Defendant.

[4] For example, the allegations of the Complaint do not clearly delineate the property interest at issue. Plaintiff alleges the following:

> **"i am :catherine-june: a living soul."**
>
> the living woman, in body, mind, and spirit, i am made from the land. i stand here as the Superior (1st) lienholder, [be]neficial owner, Principal holder, holder in due course, and true creditor to: CATHERINE JUNE POWERS© et al. i am not a "Pro Se," not a "PERSON," not a "Corporation," and am not an Employee of the CORPORATE U.S. GOVERNMENT. i am a living [be]ing who has never [be]en lost at SEA/SEE, nor am i [de]ceased.

Compl. at 4 (alterations in original). Plaintiff does attach to the Complaint a judgment entered against her and others in Oklahoma state court in a foreclosure action. *See* Judgment [Doc. No. 1-8] at 42-44. The judgment references certain real property located in Oklahoma County, Oklahoma and "occupied" by Plaintiff. But Plaintiff fails to allege facts which allow the Court to determine the correlation, if any, between the foreclosure action and the claims she purports to bring in this lawsuit. The Court takes judicial notice of the state court action, *Wilmington Savings Fund Society, FSB, as Trustee of Wampus Mortgage Loan Trust v. Catherine Lancaster, et al.*, Case No. CJ-2022-1342, District Court of Oklahoma County, State of Oklahoma, available at https://oscn.net/dockets. The state court action appears to be ongoing and, therefore, that fact arguably presents a further obstacle to this Court's exercise of jurisdiction under the *Younger* abstention doctrine. *See, e.g., Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Moreover, where, as here, a plaintiff sues multiple defendants, the complaint should "explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's actions harmed him or her; and, what specific right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Such allegations provide each defendant "sufficient notice to begin preparing its defense" and the court "sufficient clarity to adjudicate the merits." *Id*. "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious*, 492 F.3d at 1161, n. 2).

Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's Complaint fails to comply with the requirements of Rule 8. Plaintiff fails to identify with any clarity the factual or legal bases for her claim(s). Moreover, Plaintiff fails to separately identify her claims as to each defendant. Under these circumstances, dismissal of the Complaint is proper. *See, e.g.*, *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action."). The Court further finds that leave to amend is not warranted on futility grounds.

### III.   Plaintiff Cannot Bring Claims on behalf of Others

Finally, because Plaintiff appears pro se, she can only bring claims on behalf of herself. *See, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring [her] own claims to federal court without counsel, but not the claims of others."). Thus, to the extent Plaintiff purports to brings claims on behalf of any other person or entity, dismissal of those claims is proper.

### IV.   Conclusion

For the reasons set forth, dismissal of the Complaint is proper on grounds the Court lacks subject matter jurisdiction. Alternatively, dismissal is proper pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 1st day of November, 2023.

                                                                           *[signature]*

                                                                           **SCOTT L. PALK**
                                                                           **UNITED STATES DISTRICT JUDGE**